## No. 11,348

### Orleans

---

## DAVILLA v. FRUIT DISPATCH CO.

---

(March 4, 1929. Opinion and Decree.)

---

Emerson Bentley, H. W. Robinson, of New Orleans, attorneys for plaintiff, appellant.

John May, of New Orleans, attorney for defendant, appellee.

JONES, J. Joseph D. Davilla, father and natural tutor of his minor son, Howard, originally sued for compensation for personal injuries to his minor son, who is alleged to have been injured on March 5, 1927, about 5:30 p. m., while working for defendant as a banana checker at Thalia Street wharf, this city, at $25.00 per week. He alleged that his son slipped and fell on both knees while coming down from a concrete platform about four feet high, with two registers in his hands; that his right knee was so badly injured that another checker had to finish his work; that shortly thereafter he took his son home and applied simple remedies and on the next morning called in his family physician, who applied antiflogistine without effect, and two or three days later took his son to Touro Infirmary, where he was treated by Dr. Hatch for ten days without effect; that his son could not state the cause of his disability, but apparently some bone in the leg had been broken, or some ligament displaced.

While exception of no cause of action was pending supplemental petition was filed by Howard, then a fully emancipated minor, who, after adopting the allegations of his father's original petition, averred that his injury grew out of his employment as a banana checker on the wharf,

which employment was hazardous, because the bananas were dropped and crushed on the floor on the wharf by the loaders of the cars and also because he was obliged to climb in and out of box cars while a multitude of laborers were hurriedly carrying the fruit.

Defendant admitted the employment but denied that any injury had been received in the course of such employment and also that the work was hazardous. It further alleged that plaintiff had stopped, while descending from a platform with registers in his arms, and had stated that he was suffering from an old injury to his knee, and there had been no objective symptoms at the time or later.

Dr. O'Ferrall, a distinguished bone specialist of this city, who examined plaintiff on May 5, 1927, sixty days after the alleged accident, testified that he then had a complete dislocation of the internal semilunar cartilage of the right knee, which produced considerable disability. He was unable to fix the probable date of the injury, as plaintiff might have worked for months without the cartilage slipping, or it might possibly have slipped back of its own accord; that such injuries usually occur repeatedly and that it might have happened in this instance as alleged, as it usually is caused by a blow on the knee when the leg is bent; the leg was slightly atrophied when he saw plaintiff and there was some apparent lack of flexion in the joint, which would be entirely removed by operation. The doctor read from his notes as to history of plaintiff's ailments that plaintiff had been treated once before by Dr. Souchon and also Dr. Hatch.

Howard Davilla testified that he began working for defendant on February 1, 1927; that the four registers he carried weighed about ten pounds each and that he worked between cars on a concrete platform thirty feet wide and four feet high, which was slippery with crushed bananas; that he had been down in the holds of ships two or three times and frequently had to go up a little plank-walk into box cars; that he actually had four registers and not two as stated in his petition in his arms when he slipped going down the steps from the concrete platform; that after his family physician failed to help him he had been carried to Touro Infirmary, where his leg was stretched by Dr. Hatch for two or three days with suspended weights and thereafter was put in a plaster cast; that after a stay of ten days he left the hospital and wore a rubber bandage or brace for a month and a half; that he still suffers if he puts weight on his leg, and can no longer do his former work satisfactorily; that two or three years before March, 1927, he had a slight sprain in that knee while playing baseball and was treated by Dr. Souchon, who gave him a rubber stocking to wear for several months and then discharged him as cured. On cross-examination he said that Martinez helped him up; that the checking machines worked on a dial, with glass fronts like those formerly used in street cars; that after the accident he did not know whether the checking machines were broken; that Dr. Hatch did not seem to know what the trouble was and he had never told anyone that his pain was caused by an old injury.

The father testified that he never knew of any prior injury, but he admitted on cross-examination that he had taken his son to Dr. Souchon two or three years before, who had made him wear a rubber stocking over the injured knee for three months.

Frank Martinez, wharf auditor for the defendant, under whom plaintiff worked, testified that he was about three feet off when plaintiff, who was coming down the steps from the concrete platform with two registers in his arm, stopped and said he had an awful pain in his leg; that he then sat down on the steps placing his registers by him and stated that the pain came from an old accident. George Lapotaire and George McLean, two other employees, were also present at the time.

Lapotaire testifies that he saw plaintiff in the office shortly thereafter and was told by him that his leg was troubling him again; three or four weeks before this plaintiff had stated that he had hurt his leg in a motor car.

Joseph Calamia, chief clerk of defendant, said that plaintiff had also told him several times of a previous injury to his leg by an automobile.

Fred Lovelly, another employee, said that he had asked plaintiff, when he saw him sitting on the steps that afternoon, if he had been hurt; that plaintiff did not reply, but Martinez said in plaintiff's presence that his old ailment was troubling him again.

Assistant Superintendent McLean said that plaintiff told him in the office, while waiting for his father that afternoon, that he was suffering from an old injury to his knee, as he had come to work that day without his brace; he had injured the knee some time before while playing baseball.

In this court defendant argues that the employment in which plaintiff was engaged was not hazardous and that it was not covered by Act 20 of 1914 or any of its subsequent amendments. In support of this contention he cited as authority two decisions. Shipp vs. Bordelon, 152 La. 797, 94 So. 399, and Dejean vs. Ujiffy, 15 Orl. App. 231.

Although these cases tend strongly to support the contention of defendant, we do not find it necessary to pass upon this exception, as the above analysis of the evidence convinces us that plaintiff has entirely failed to prove that he suffered any injury while in the employ of defendant.

Our conclusion on this point is based on the testimony of the five witnesses who said that plaintiff had told them of a former injury to his knee, and by the admission of plaintiff himself that he had worn a rubber stocking for several months, and also by the testimony of Dr. O'Ferrall that a misplaced cartilage was likely to occur again and again. We are also impressed by the fact that plaintiff seems to have shown no outward signs of any injury at the time, and that the record entirely fails to show that the glasses on the front of the registers were broken, a result that seems a foregone conclusion if plaintiff had fallen down the steps, as alleged, with these registers in his arms.

While we recognize that the compensation statute is humane in its purpose, and that its provisions should be liberally construed so as to include all occupations that can reasonably come within its purview. Section 18, paragraph 4, of the Act itself (as amended by section 1 of Act No. 85 of 1926), provides all injuries must be proved by competent evidence, of which there must have been objective conditions or symptoms proven not within the mental or physical control of the employee.

The injuries themselves here have not been proved as alleged.

For above reasons the judgment is affirmed.