### ATKINS v. HOLSUM CAFETERIA, Inc., et al.*
### No. 15012.

Court of Appeal of Louisiana. Orleans.
March 18, 1935.

Leslie P. Beard, of New Orleans, for appellants.

S. Roccaforte and H. W. & H. M. Robinson, all of New Orleans, for appellee.

LECHE, Judge.

This is a suit for workmen's compensation, and from a judgment in favor of plaintiff, defendants have appealed.

Plaintiff sued the Holsum Cafeteria, Inc., and its surety, the Central Surety & Insurance Corporation, alleging that the former maintains and operates a restaurant or cafeteria wherein are contained steam tables, dishwashing machines, cooking ranges, and other machines and devices for use in said business. He alleges that he was employed as porter and general utility man, which necessitated his working about and among the machines and devices aforesaid, and that, consequently, his employment was hazardous. He further alleges his weekly wages and says that, while engaged in his usual duties, he stuck some small object or instrument into his thumb and was injured. Defendants filed exceptions of no right or cause of action, as well as other exceptions, all of which were tried and overruled by the court below.

The Workmen's Compensation Law (Act No. 20 of 1914, as amended) provides that its provisions shall apply only to persons performing services arising out of and incidental to their employment in the course of one of the hazardous trades, businesses, or occupations named in the act. The statute does not include or designate the business of operating a restaurant or cafeteria. The jurisprudence is overwhelming to the effect that the provisions of the statute do not apply unless the employer is engaged in one of the designated hazardous trades, businesses, or occupations. Shipp v. Bordelon, 152 La. 795, 94 So. 399, and Gerstmayr v. Kolb, 158 So. 647, decided by this court January 21, 1935, and authorities therein cited.

Subsection 3 of section 1 of the compensation act reads as follows: "If there be or arise any hazardous trade, business or occupation or work other than these hereinabove enumerated, it shall come under the provisions of this act. The question of whether or not a trade, business or occupation not named herein is hazardous may be determined by agreement between the employer and employee or by submission at the instance of either employer or employee to the Judge of the Court which shall have jurisdiction over the employer in a civil case. The decision of the Court shall not be retroactive in its effect."

In the case of Dejan v. Ujffy, 14 Orl. App. 230, 231, there was a situation similar to that in this case. Justice St. Paul, as the organ of the court, said:

"It is not seriously disputed that plaintiff's occupation is in its nature more or less hazardous, and because of the contention made by plaintiff and hereinafter mentioned, it may be stated that such occupation takes him in and around railroad depots and terminals for the purpose of receiving and delivering freight for his employer.

*Rehearing denied 160 So. ——.

"The question therefore arises, whether the relations between plaintiff and defendant come within the terms of the Employer's Liability Act.

"Now, defendant's business of wholesale merchant, and plaintiff's occupation of driving a freight and delivery wagon, are not specially mentioned in the act as occupations declared hazardous, and necessarily within the terms of the act. And it is not claimed that the parties have agreed that their relations should come within its provisions.

"But the contention is made that, owing to plaintiff's being obliged to go in and around railroad depots and terminals, his occupation is therefore 'incidental to the business of operating a railroad,' and brings him within the act.

"We cannot accept this contention as well founded.

"The words of the statute are that it applies only to

" 'Every person performing services arising out of or incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, business and occupations.'

"And we cannot conceive that one whose employment by a third person takes him in and around the depots and terminals of a railroad for the purpose of receiving and delivering freight for such third person, can be said to be incidentally or otherwise employed in operating a railroad.

"It is claimed, however, that under the third paragraph of the second section, any hazardous occupation, though not specially mentioned, comes within the terms of the act.

"We cannot accede to this contention. The paragraph must be read as a whole.

"It provides that the parties may agree whether the occupation be hazardous, or may submit it to a species of judicial arbitration, which arbitration, however, shall not be retroactive.

"If the meaning of this paragraph be that the question whether the occupation is hazardous, shall at all times be a matter for judicial ascertainment, whether before or after a claim arises between the parties, then the concluding provision, that the decision on that head shall not be retroactive, is totally inoperative. And, of course, by every rule of interpretation we are obliged to give effect to this clause which is perfectly clear and unambiguous.

"We do not overlook the fact that this clause added to Section 3, gives that section the same meaning as that conveyed by Section 4, and without that last clause it might be that the section would have to be interpreted as contended for by plaintiff; but the clause has been inserted, and we have nothing to do but to give it effect."

There, as here, the occupation of the employer was not one of the hazardous occupations designated in the act, but it was contended that the case came within the terms of the statute by reason of the fact that the employment involved hazards. See Conaway and Clark v. Marine Oil Co., Ltd., 5 La. App. 134; Davilla v. Fruit Dispatch Co., 10 La. App. 47, 121 So. 191; Smith v. Marine Oil Co., 10 La. App. 674, 121 So. 782.

In the case of Benjamin v. Standard Accident Insurance Co., 152 La. 874, 94 So. 428, the court said:

"Relief is extended by said act only for injuries received in the course of dangerous employments. However, by paragraph 4 of section 1 of the act the employer and employee may agree that the employment shall come under the act though not dangerous. But such agreement is required to be in writing; and there was no agreement of any kind in this case, unless, as counsel contend, one resulting by implication.

"Implication cannot be allowed to answer for writing when writing is expressly required. The very purpose of requiring writing is to forestall all possible contention of any agreement in the absence of writing. This provision is in the interest of the employee as much as in that of the employer if not more so; for by such an agreement the employee is limited to the moderate compensation under the statute, and deprived of recourse under article 2315 of the Code. To deduce such an agreement by implication for the purpose of defeating an employee's suit under said article 2315 of the Code would be simply out of the question, in view of the said express provision of the act positively requiring such an agreement to be in writing; and so the implication cannot be allowed for holding the employer. It takes two to make an agreement; there cannot be such a thing as an agreement by implication as against the employer and none possible as against the employee. * * *

"The technicalities which are discountenanced by the Workmen's Compensation Act are those of procedure, not those which go to the merits of the case. The latter are not properly speaking technicalities, but matter of substantial law. The reason plaintiff can-

not recover under the Workmen's Compensation Act is that the employment was not dangerous, and that there was no agreement in writing that the parties should come under the act. Nothing of mere technicality in this, but matter of fact and statute law."

There is an allegation in the petition of plaintiff to the effect that in the discharge of the duties as a porter he was required to work about and among the steam tables, dishwashing machines, and cooking ranges used in the preparation of food. Apparently this allegation is made with the provisions of section 1, subsec. 2, par. (a), of the compensation law (Act No. 20 of 1914, as amended) in mind. It is there proclaimed that the act shall apply to "any occupation entailing the manufacture, transportation, care of, use of, or regular proximity to dangerous quantities of gun powder, dynamite, nitro-glycerine and other like dangerous explosives. The installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery." The plaintiff's position is that his occupation required him to be in "regular proximity" to the operation of machinery and that, therefore, this provision of the act is applicable. We doubt very much whether kitchen ranges, dishwashing machines, and the other devices employed in the kitchen of a restaurant may be classed with "boilers, furnaces and engines" within the meaning of the section of the act relied on, but assuming that they may be so classified, the most favorable view that can be taken of the matter from the plaintiff's standpoint, and assuming, therefore, that the exception of no cause of action was properly overruled, and considering the merits of the case, we are of the opinion that plaintiff cannot recover for the reasons given in Foret v. Paul Zibilich Co., Inc., 18 La. App. 363, 368, 137 So. 366, where we held that the particular machinery used in the defendant's business was insufficient to stamp the employer's occupation as hazardous. In that case we said: "The presence of the little gasoline engine on the premises is not, we believe, sufficient to bring defendant's business within the following language of the statute: 'Any occupation entailing the manufacture, transportation, care of, use of, or regular proximity to dangerous quantities of gun powder, dynamite, nitgro-glycerine and other like dangerous explosives. The installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery' (section 1, subsec. 2, par. (a) particularly since

the engine is shown to have been separated from plaintiff by a brick wall."

There may be restaurants which use machinery of a sort which would justify classification with that mentioned in the statute, but that used by the defendant, according to the evidence in the record, in the operation of steam tables, dishwashing machines, and cooking ranges does not appear to us to be of that character. They were, in our opinion, no more hazardous than the devices used today in the modern up-to-date home.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of defendants, Holsum Cafeteria, Inc., and the Central Surety & Insurance Corporation, and against plaintiff, Felix Atkins, dismissing his suit at his cost.

Reversed.