The claim for damages made by plaintiff in this cause grows out of a collision between his 1928 Buick sedan, which he was driving, and a Ford coupe operated by Buford Wilson in the course of employment with the owner thereof, Authorized Appleman Bit Service Company, Inc. The accident occurred about 4 o'clock of the afternoon of June 4, 1936, at a point on U.S. Highway 80 a short distance west of the village of Filmore.
Named as defendants in the petition are Wilson's said employer and the Ford coupe's insurer, the Employers' Casualty Company of Texas. Only the insurer was cited and filed an answer, and against it the proceedings were contradictorily held.
Numerous allegations of fact tending to show negligence of the employee Wilson as the proximate and immediate cause of the collision are listed in the petition. All of these, a detailing of which is unnecessary, are denied by defendant. In the alternative it asserts that plaintiff was contributorily negligent.
The evidence adduced on the trial of the case convinced the district court that negligence on the part of Wilson solely caused the mishap, and the insurer of the Ford coupe was held to be responsible for the damages occasioned to plaintiff. These were fixed at $38 for harm experienced by his automobile and $50 for loss of time resulting. All claims respecting physical injuries allegedly suffered were rejected. In keeping with such conclusion, judgment was rendered and signed.
Complaining of the judgment only insofar as it fixes the quantum of damages, plaintiff brings this appeal. Defendant, through answer, requests the judgment's reversal and a rejection of all of plaintiff's demands.
Immediately preceding the accident, both vehicles were proceeding easterly along U.S. Highway 80, with the Ford coupe a short distance ahead of plaintiff's machine. While so travelling, and being on a downgrade or decline of about 5%, another automobile belonging to the Authorized Appleman Bit Service Company, Inc., and driven by an employee, J.D. Williamson, approached from the east. Williamson and Wilson recognized each other while passing, and, after signals were exchanged, their respective cars were brought to stops approximately 100 feet apart. The Wilson machine then commenced a backward movement. It had backed some 20 feet from the point of stopping when plaintiff's car struck its rear end.
The version of the accident given by plaintiff, which we think is supported by a preponderance of the evidence, is that he was travelling 30 or 35 miles an hour about 300 feet behind Wilson. Suddenly the latter, without the giving of an appropriate signal, stopped his Ford coupe near the right edge of the pavement and immediately started its backward motion at an angle toward the highway's center. Plaintiff could not halt his machine because of a lack of sufficient intervening space; neither could he steer it to the left, as there were several trucks approaching and in close proximity to him. Thereupon, he sought to drive to his right between the Wilson car and a metal guard rail that stood on the highway's south dirt shoulder, parallel with and three feet from the concrete's edge. As a result of this attempt, the left front wheel and fender of his Buick crashed into the extreme right side of the Ford coupe's rear bumper, and its right front fender contacted the guard rail.
Wilson insists that when the collision occurred both right wheels of his car were off the concrete and on the highway's south dirt shoulder. The enjoying of such position is doubted. If it had been so located, considering the distance of only three feet from the guard rail to the concrete's edge, *Page 717 
his car would have been struck near the center of its rear end rather than at the right side thereof. Also, it is urged that the Ford coupe had completed its backward motion and was rolling forward at the moment of the crash; but the several time and distance factors disclosed by the record render this movement improbable.
There appears to have been no negligence on plaintiff's part. On the contrary, the evidence preponderately shows that the accident was caused solely by the described negligent backward maneuvering of the Wilson machine.
The case of Roberson v. Rodriguez et al., La.App., 186 So. 853, cited by defense counsel, is inapplicable. Therein there was no backward motion of the preceding machine, following its sudden stopping, such as confronted this plaintiff.
The record affords us no reason for disturbing the quantum of damages fixed by the district court.
According to the testimony of plaintiff, he was thrown, as a result of the impact, between the steering wheel and the left front door of his car, and received blows to his back, left side and left leg. The accident, he claims, has caused him to suffer from extreme nervousness, a palsied condition, and a heart ailment, and it has rendered him disabled to do work of any reasonable character.
The medical proof adduced is to the effect that plaintiff has for several years suffered from nervousness and heart trouble, but it does not convincingly show that his physical disability is attributable to the accident. Instead, it, together with certain circumstances which we shall hereinafter mention, sustains the conclusion of the district court that no connection between the two exists.
Immediately following the collision, plaintiff very actively moved about the locus and showed no signs of having been injured. For at least a month thereafter, he consulted no physician. The attorney for defendant was visited by him about June 15, 1936, or eleven days after the accident, with a view of obtaining payment for the repair of his car and for the loss of time sustained; but he did not then urge any claim for physical injuries.
In a written report of the occurrence, signed by both plaintiff and his wife two days thereafter, it was said that: "No one was injured."
The physician who treated plaintiff on a number of occasions during and subsequent to the latter part of the year 1938, and who testified in his behalf, found the above mentioned heart and nervous conditions and also arthritis in the left knee. There were no objective symptoms, however, to justify a conclusion that the accident was responsible for the ailments.
The only other medical expert giving testimony during the trial was of the belief that plaintiff's ill health was not caused by an automobile collision.
The awards of $38 for repairs to the damaged car and $50 for loss of time are supported by the evidence, and do not appear to be inadequate.
The judgment is affirmed.