LOTTINGER, Judge.
This is a workmen’s compensation suit wherein the plaintiff, Adeliah Davis James Rauk, alleges herself to be totally and permanently disabled as the result of an accident which occurred on or about March 26, 1954, while employed by the defendant, John P. Clarke, d/b/a Johnnie Clarke’s Sea Food House. The petition alleges that on the day aforesaid, the plaintiff while pouring a cup of coffee, spilled same on her feet, burning them severely. The burns resulted in dermatitis, it is alleged, which assumed such aggravated proportions that she can no longer stand on her feet for long periods of time and is consequently unable to do the type of work for which she is trained and qualified.
*48 The answer is in the form of a general denial admitting only the plaintiff’s employment.
Following trial' on the merits in the court below, judgment was rendered in favor of the defendant and the matter is now before us on a devolutive appeal taken by the plaintiff.
The first question presented is whether the business of the defendant is hazardous within the meaning of the compensation statute. Counsel for plaintiff concedes that a restaurant is not one of those businesses which is classified as being hazardous per se and we must, therefore, determine whether it is covered by the so-called omnibus clause of the statute, which reads, in part, as follows:
“The cpnstruction, installation, operation, alteration, removal or repairs of wires, cables, switchboards or apparatus charged with electrical current * * * installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery.” LSA-R.S. 23:1035.
The record establishes that the defendant was engaged in operating a rather small restaurant in the City of Baton Rouge, the equipment of which consisted of a gas stove, one or more refrigerators, .a food freezer, a steam table, to keep food warm, ice cream cooler and a coffee urn. The latter .appliance was of the type customarily used by restaurants and consisted of the urn itself surrounded by a water jacket with a small gas flame underneath.
We feel that this case is governed by our holding in the case of Harrington v. Franklin’s Stores Corporation of New Iberia, La.App., 55 So.2d 647, 649, and the authorities therein cited, wherein we held in part as follows:
“In Claiborne v. Smith, La.App., 2 So.2d 714, 715, it was held that a cook in the kitchen department of a cafeteria who came in contact with an electric refrigerator was not engaged in a hazardous employment, and the Court doubted ‘very much whether kitchen ranges,, dishwashing machines, and the other devices employed in the kitchen of a restaurant may be classed with “boilers, furnaces and engines” within the meaning of the section of the act relied on * * *
“A suit for compensation brought by a porter and general utility man was dismissed in Atkins v. Holsum Cafeteria, La.App., 159 So. 758, 760, on the ground his employment was not hazardous, this Court stating that steam tables, dishwashing machines, cooking ranges and other machines and devices used in the business were ‘no more hazardous than the devices used today in the modern up-to-date home.’ * * *
“She was required merely to plug in the appliances and there is no showing in the petition that the use of these implements was any more hazardous than the devices used daily in any modern homes and, above all, we do not find the operation o.f the iron and vacuum cleaner to have been a substantial or integral part of the defendant’s business.”
Furthermore we are of the opinion that the particular devices as above enumerated which were used in defendant’s business were insufficient to stamp the employer’s occupation as hazardous.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.