FRUGÉ, Judge.
Plaintiff instituted this suit against Travelers Insurance Company, liability insurer of L. H. Johnson, seeking to recover damages in tort for an injury to her right great toe allegedly caused by the negligence of an employee of the defendant’s insured, L. J. Johnson Wholesale Company. Additionally, plaintiff seeks to recover workmen’s compensation benefits from her employer, Alba J. Etie, Sr., for the same injury. The defendant, Alba J. Etie, Sr., filed a third party demand against Travelers Insurance Company in which it contends that the injuries to plaintiff were caused by the negligence of the employee of L. H. Johnson Wholesale Company and seeking judgment against Travelers Insurance Company, as the responsible third party, in the event *480 a compensation judgment was rendered on that portion of plaintiff’s demand. The trial court rejected both of plaintiff’s demands, and she has appealed from that judgment.
Although plaintiff disputes certain inferences drawn by the trial judge, there is no disagreement as to the facts surrounding the accident sued upon. With the approval of both defendants, the trial judge adopted plaintiff’s brief, insofar as these facts are concerned, and since plaintiff’s brief accurately and succinctly sets forth these facts, we quote in extenso from the trial judge’s written reasons, as follows:
“On February 2, 1961, while carrying out the duties of her employment as a waitress at the Towne House Restaurant in Natchi-toches the plaintiff, Myrtle Weaver Kramer, sustained an injury to her right foot when she accident!y struck a metal box which had been placed in one of the aisles of the restaurant by an employee of L. H. Johnson Wholesale Company of Natchitoches, Louisiana. At the time of the occurrence of the accident Mrs. Kramer was busy waiting on a private party in the private dining-room of the restaurant, and she was going back and forth using the regular route or access to the private dining room which was a passageway or aisle approximately four or five feet in width and on each side of which were located the restaurant tables in the main dining room where customers were served. The employee of L. H. Johnson Wholesale Company was servicing a vending machine owned by his employer and the metal box that he had with him, and which he placed in such a manner as to protrude into the aisle, was described as about the size and shape of an ordinary fishing tackle box and was believed by Mrs. Kramer to the the box that receipts or money from the vending machine was carried in.
“When the described accident occurred Mrs. Kramer was carrying a large serving tray which was loaded with coffee cups that she was going to use to serve the guests of the restaurant in the private dining room. The original injury, though perhaps quite painful, would have been probably of little consequence except for the fact that as a result of the force of the blow, her right great toe nail was driven backwards into the flesh surrounding the nail, and as a result the toe became seriously infected and Mrs. Kramer developed blood poisoning and as a result was required to submit to minor surgery.”
In addition to the facts as stated above, it should be noted that the tray, which plaintiff was carrying, was about two feet long and one foot in width.

Plaintiff's claim in tort.

The trial judge held, under the above mentioned facts, that the employee of Johnson was negligent in placing the metal cash box in the aisle, but denied recovery because of plaintiff’s contributory negligence. Insofar as plaintiff’s tort claim is concerned these are the sole issues before us.
In Larned v. Wallace, La.App., 146 So. 2d 434, 437, this court defined “negligence as conduct creating an unreasonable risk to others.” Therein we quoted with approval from 65 C.J.S. Negligence, § 1, page 313, as follows:
“It has been held that negligence does not exist unless there is a reasonable likelihood of danger as a consequence of the act complained of, and it must be measured in the light of some danger that is reasonably to be anticipated. The duty to use care is based on the knowledge of danger, and negligence or want of ordinary care includes reasonable anticipation of harm. So negligence has been defined as conduct which creates an undue risk of harm or injury to others; the failure to use such care as is necassary to avoid a danger which should and could have been anticipated, by reason of which plaintiff has suffered injury.”
*481 Similarly, in Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696, our Supreme Court announced:
“Liability for damages under Article 2315 of the Civil Code is founded upon fault and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In determining fault, a commonsense test is to be applied — that is— how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer.”
In the instant case, we think it obvious that the employee of L. H. Johnson created a dangerous situation by placing a metal box in a travelled passageway, and that he should have reasonably foreseen the danger which caused plaintiff’s injuries. However, as held by the trial judge, we think that plaintiff’s recovery is barred by her own contributory negligence.
It was recently enunciated by this court in the case of Sloan v. Flack, La.App., 150 So.2d 646, 647, that:
“ ‘Negligence involves conduct which is fraught with unreasonable likelihood of harm to others. Contributory negligence involves such likelihood of harm to oneself or to one’s own interests’, 2 Harper & James, The Law of Torts (1956), Section 22.10 (p. 1227). ‘Negligence as it is commonly understood is conduct which creates an undue risk of harm to others. Contributory negligence is conduct which involves an undue risk of harm to the actor himself.’ Prosser on Torts (2nd Ed., 1955), Section 51, p. 285. (Italics Supplied). ‘The distinction lies in that negligence involves any risk to another, whereas contributory negligence involves a risk of injury to the one injured’, 65 C.J. S. Negligence § 116, pp. 707-708. (Italics Supplied).
“ ‘Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of duty which the law imposes on persons to protect themselves from injury’, 65 C.J.S. Negligence § 116, p. 706. (Italics supplied.) ‘Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to which he is required to conform for his ozvn protection. In general, it resembles negligence, except that the element of duty to another does not enter’, Prosser, Section 51, p. 282. (Italics Supplied).”
Counsel for plaintiff urges, correctly we think, that no one is contributor-ily negligent simply because he fails to anticipate the negligence of another. However, notwithstanding that one may assume that others will not subject him to unreasonable risks of injury, it is well established that a person cannot recover for injuries caused by his own failure to see a danger which would have been apparent to a reasonably prudent and observant person, and which could have been recognized by the exercise of reasonable care. Jumonville v. Calogne, La.App., 141 So.2d 430; Fradger v. Shaffer-Stein Corp., La.App., 73 So.2d 612.
In the instant case, the evidence shows that the metal cash box was in the aisle and clearly visible. True, plaintiff was carrying a tray loaded with coffe cups. However, considering the size of the tray, her view of the aisle was far from being obstructed. Additionally, she knew that the employee of L. H. Johnson was servicing a vending machine adjacent to the very aisle through which she was passing. While she did not have to anticipate that this employee would obstruct this aisle, she had the duty to observe apparent and obvious dangers in her path. This she *482 did not do, and, accordingly, we cannot but hold that her failure to observe what could and should have been observed was contributory negligence, which bars her recovery in tort.
Counsel for plaintiff has called our attention to the cases of Soldano v. New York Life Insurance Company, La.App., 196 So. 521; Reid v. Monticello, La.App., 33 So.2d 760; and Vogts v. Schwegmann, La.App., 56 So.2d 177, which allowed recovery to a customer who tripped over an object in the aisle of a store. These cases, however, are clearly distinguishable from the instant case. In each of the above cited cases, the court found that the proprietor, by the use of displays, had directed the customer’s attention to merchandise which was being displayed. The importance of this distinction is clearly set forth in a recent decision of this court, Provost v. Great Atlantic & Pacific Tea Company, Inc., La.App. 3 Cir., 154 So.2d 597, wherein it was stated:
“Defendant’s store in this case was a ‘self-service’ type store, in which its merchandise was displayed on counters or on shelves so that customers could inspect the merchandise as they walked in the aisles or passageways of the store. The storekeeper certainly intended that his customers would devote the major part of their attention to the merchandise which was being displayed, rather than to the floor to discover possible obstructions in the aisle, and in our opinion that circumstance must be considered in determining the degree of care which the storekeeper should use in maintaining safe passageways. A patron of a self-service type store, we think, is entitled to rely upon the presumption that the proprietor will see that the passageways provided for his use are reasonably safe, considering the fact that while using these passageways he may be devoting some of his attention toward inspecting the merchandise.” (Numerous citations omitted.)
Thus, in the few instances where the courts have relaxed the requirement of observing obvious dangers, the underlying rationale has been the proprietor’s fault in diverting the customer’s attention to merchandise displays. In the instant case, plaintiff’s only concern was the carrying of tray of coffee cups down an aisle. While the carrying of this tray necessarily consumed a small part of her attention, it was not such as to relieve her of the responsibility of observing apparent and obvious dangers.

Plaintiff’s claim for workmen’s compensation benefits.

It is well established under the jurisprudence of this State that the operation of a restaurant business is not within the contemplation of LSA-R.S. 23:1035. Prevost v. Felix’s, Inc., La.App., 121 So.2d 91; Rauk v. Clark, La.App., 91 So.2d 47; Claiborne v. Smith, La.App., 2 So.2d 714. Thus, insofar as plaintiff’s workmen’s compensation claim is concerned, the sole issue before this court is whether her employment duties were such as to bring her under the coverage of LSA-R.S. 23:1035.
The evidence establishes that plaintiff was employed as a waitress. Her duties required that she set tables, obtain orders from customers, relay these orders to the cook in the kitchen, and pick up the prepared food in the kitchen. On infrequent occasions, when her employer was absent from the restaurant, she operated an electric cash register, and occasionally drove some of the restaurant employees home in an automobile. The kitchen contained numerous electrical and gas appliances, but the record indicates that plaintiff rarely, if ever, used these appliances.
Concerning the extent to which a claimant must come in contact with the hazardous features of a business, not hazardous in itself, before recovery is allowed for an injury sustained while performing work of a non-hazardous nature, Professor Malone in his Treatise, “Louisiana Workmen’s Compensation, Law and Practice,” *483 at Section 101, page 25 (pocket part), states:
“The unwillingness of the Louisiana courts to apply the doctrine of Byas v. [Hotel] Bentley [Inc.] [157 La. 1030, 103 So. 303] where the hazardous work is only a small part of the employment was first indicated in Brownfield v. Southern Amusement Co. [196 La. 74, 198 So. 656] (discussed in the Text). A more recent case follows the Brownfield decision Claimant, a maid in defendant’s store, used an electric steam iron and vacuum cleaner on occasions. She was injured at a time when she was not using either of these implements. Compensation was denied. Following the Brownfield decision, the court observed: ‘If the interpretation of the Workmen’s Compensation Act can be extended beyond the extremely liberal interpretation given to it in the case of Byas v. Hotel Bentley, there would be no such thing as an employment not covered by the provision of the statute’.
“A similar decision, relying upon the Brownfield case is Hammer v. Lazarone [La.App., 87 So.2d 765]. Also, in Talbot v. Trinity Universal Ins. Co. [La.App., 99 So.2d 811] compensation was awarded the manager of a grocery store who also assisted in the meat department and operated a grinder, although at the time of accident he was not engaged in hazardous work. The court made clear that the right to recovery depended upon the fact that plaintiff was regularly and as daily matter required to actually use and operate the grinding machinery.”
Also pertinent to this question is the Supreme Court decision of Luce v. New Hotel Monteleone, Inc., 234 La. 1075, 102 So.2d 461, wherein the court stated at page 463:
“It is now well settled that an employee is covered where he is regularly exposed to or is frequently brought in contact zvith the hazardous feature of the business, even though he is primarily engaged in the nonhazardous part.”
Whether or not an employee’s duties are such as to bring him within the coverage of the Compensation Act, in the event he is injured while performing work of a non-hazardous nature, will necessarily depend on the facts of each individual case. However, it seems clear that the performance of the hazardous duties must be a substantial part of the employment, and not merely occasional to the performance of non-hazardous duties, before recovery will be allowed. See Boggs v. Great Atlantic & Pacific Tea Company, La.App., 125 So.2d 419; Mercer v. Sears, Roebuck & Company, La.App. 3 Cir., 155 So.2d 112.
In the instant case, as previously set forth, plaintiff’s use of an automobile and cash register constituted only an occasional incident of her employment. Insofar as the hazardous features of the kitchen are concerned, her only contact was being in the proximity of various electrical appliances when she picked up food. In our opinion, the coming in contact with this type of hazardous feature presupposes a closer relationship than the mere presence of a person in the immediate vicinity of such feature. See Boggs v. Great Atlantic & Pacific Tea Company, supra.
In conclusion, it is the opinion of this court that plaintiff has failed to establish by a preponderance of the evidence that her contact with the hazardous features of her employer’s business were sufficiently substantial to entitle her to recover compensation benefits for an injury sustained while performing a non-hazardous duty.
For the reasons hereinabove set forth, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.