273 So.2d 546 (1973)
James T. BOWEN
v.
WESTERN AUTO SUPPLY COMPANY et al.
No. 9159.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
*547 Henson Moore, Dale, Owen, Richardson, Taylor, & Mathews, Baton Rouge, for appellant.
Kenneth Fink, Denham Springs, for appellees.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
This case involves a claim for damages for personal injuries received by the purchaser of a riding lawn mower against the manufacturer, retailer, and their liability insurers. The trial court awarded judgment in favor of plaintiff and against the retailer and its insurer in the amount of $3500.00 for personal injuries, $2432.00 for loss of wages, and $906.02 for medical expenses, while at the same time dismissing plaintiff's claim against the manufacturer and its insurer. From this judgment, the retailer, Western Auto Supply Company, and its insurer, The Travelers Insurance Company, have appealed.
The pertinent facts are as follows: Plaintiff, James T. Bowen, purchased a Wizard riding lawn mower from Western Auto Supply Company. The mower was manufactured by Gilson Brothers Company. Testimony elicited at the trial revealed that this particular type mower was distributed by Gilson Brothers to Western Auto Supply Company in a partially unassembled state because of convenience in shipping. One of the items not factory assembled was a grass deflector toe guard which attached to the housing of the mower itself. This device is installed by bolting it to the blade housing.
Without installation of this device, the portion of the blade housing to which it was to be connected would not completely cover the rotating lawn mower blades creating a hazardous condition involving the exposed blade.
The plaintiff-appellee purchased this mower on lay-away and the record reveals that there is a factual dispute regarding whether or not the mower was to be delivered to Bowen, the plaintiff, in an assembled or unassembled condition.
Officials of Western Auto testified that they had not agreed to assemble the mower prior to delivery, while Bowen testified that there was such an agreement. Western Auto produced the deliveryman who testified he delivered the lawn mower to Bowen's house in a crate unassembled; however, Bowen produced numerous witnesses who testified that although they did not see the actual delivery, they did view the mower just following the delivery and it was fully assembled. Several witnesses testified that the mower even contained oil and gas on delivery. Bowen testified that although the mower was delivered around 3:00 p.m. on February 27, he did not actually see the mower until late that night when he came home from work. At that time the mower was assembled and he actually started the engine before retiring for the night. He further testified that he saw an envelope sitting on the seat of the mower which contained some documents, nuts, bolts and other parts. He removed the package, but paid no particular attention to its contents.
Because of adverse weather conditions, Bowen was unable to use the mower for approximately one month after the delivery. While using the mower for the first time, the mower wheels began to slip and spin on the wet ground and became entrenched in a muddy portion of the lawn. In order to start the mower moving forward again, Bowen testified that he placed his feet on the ground next to the sides of the blade housing and straightened up at *548 the same time lifting the mower with his arms to try to pull it out. While in this position the blade came into contact with his right foot causing gashes on his foot and ankle.
As the basis of his suit against the manufacturer, Bowen alleges the negligent and faulty design of the mower, and failure to give adequate warning of the dangerous condition created by the unassembled grass deflector toe guard. Under the jurisprudence of this state the manufacturer does owe a duty to the purchaser to take reasonable care in designing and manufacturing its product, and giving adequate warning of any special hazard. Weber v. Fidelity and Casualty Insurance Co., 259 La. 599, 250 So.2d 754 (1971); Penn v. Inferno Manufacturing Corporation, La.App., 199 So.2d 210, writ refused 251 La. 27, 202 So.2d 649 (1967). However, it is clear that in this case the manufacturer did not breach its duty. The deflector, if assembled properly, would eliminate the risk which caused the injury sustained by Bowen. The manufacturer was under no duty to assemble this particular device. Also the manufacturer did not breach its duty to give warning of special hazards in light of the fact that there were numerous cautions and warnings both in the operator's manual and on the mower itself referring to the necessity of having the deflector in place. We therefore affirm the trial judge's decision dismissing the suit of plaintiff against the manufacturer, Gilson Brothers Company, and its insurer.
Appellee further alleges various acts of negligence against Western Auto Supply Company, the vendor of the mower. These various claims include (1) negligence in assembling the mower; (2) failure to install the safety blade guard; (3) failure to inform plaintiff-appellee of the proper manner and method of operating the mower and failure to warn plaintiff-appellee of the fact that the blade guard was not installed.
Pretermitting the issues of negligence on the part of Western Auto Supply Company, the plaintiff in this case was so obviously guilty of contributory negligence, we believe it unnecessary to consider other issues.
Several salient facts are apparent from the record which bear on the issue of contributory negligence. First, the testimony is clear that the blade guard itself was delivered to Bowen and that a set of instructions or an operator's manual was also delivered along with the mower. Secondly, this manual and the housing of the mower itself contained obvious warnings designed to advise the user of the hazards encountered when using the mower without the blade guard being properly attached to the blade housing. An examination of the testimony and photographs contained in the record reveals that the absence of the blade guard should have been apparent to Bowen because of the empty screw holes contained in the blade housing and from the general shape and design of the housing itself. The photographs show that without the blade guard being attached, the blade itself extended at least an inch from underneath.
In addition to the above facts, the facts regarding Bowen's actual use of the mower at the time of the accident are important. When the mower became lodged, Bowen decided to use his feet to provide leverage to dislodge it; however, he failed to disengage the blade although a device was installed on the mower for just that purpose. By disengaging the blade the wheels would have moved while the blade remained stationary. These facts certainly reveal that plaintiff-appellee failed to use reasonable care in the operation of the mower, and failed to use reasonable care to heed the obvious warnings regarding the attachment of the blade guard.
Additionally, plaintiff failed to observe a hazard that was clearly observable without any warning of any type, namely, the blade protruding outside the housing. In placing *549 his foot in the position he did to receive the injury, plaintiff placed it in contact with the exposed portion of the blade which was readily observable from his position on the mower. It was plaintiff's duty to observe these obvious hazards. Higgins v. Louisiana Fire Insurance Company of Baton Rouge, La.App., 249 So.2d 289, writ refused 259 La. 774, 252 So.2d 669 (1971), Kramer v. Etie, La.App., 155 So.2d 478 (1963).
We are constrained to hold that plaintiff-appellee was contributorily negligent and his negligence was a proximate cause of the accident. Therefore he is not entitled to recover from Western Auto and its insurer.
It is ordered, adjudged and decreed that there be judgment in favor of defendant-appellant, Western Auto Supply Company and its insurer, Travelers Insurance Company, against plaintiff-appellee, James T. Bowen, dismissing his suit at plaintiff's cost.
Reversed and rendered.