STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-956

GEORGE NORWOOD

VERSUS

MICHAEL R. GARBER

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-6977
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
James T. Genovese, Judges.

AFFIRMED.


George Norwood
In Proper Person
236 Norwood Lane
Ragley, Louisiana 70657
(337) 438-2742
PLAINTIFF/APPELLANT


Emmett C. Sole
Dallas K. Kingham
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
Post Office Box 2900
Lake Charles, Louisiana 70602
(337) 436-9491
COUNSEL FOR DEFENDANT/APPELLEE:
    Michael R. Garber

**GENOVESE, Judge.**

Plaintiff/Appellant, George Norwood, appeals the judgment of the trial court granting the Motion to Enforce Mediation Settlement filed by Defendant/Appellee, Michael R. Garber. For the following reasons, we affirm the judgment of the trial court.

## FACTS

This matter involves a legal malpractice lawsuit filed by Mr. Norwood against Mr. Garber on the basis that Mr. Garber's representation of Mr. Norwood in a real estate transaction was allegedly negligent. The parties agreed to mediation. Pursuant to said mediation, the parties entered into a settlement and signed a settlement agreement. However, due to Mr. Norwood's refusal to accept the settlement proceeds, Mr. Garber filed a Motion to Enforce Mediation Settlement. The trial court granted Mr. Garber's motion and ordered Mr. Norwood to comply with the terms of the settlement agreement. Mr. Norwood appeals.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Mr. Norwood asserts that the trial court erred by dismissing his "claim inspite [sic] of clear and conviencing [sic] evidence showing that [he] was tricked into signing a settlement agreement[.]"

## LAW AND DISCUSSION

Pursuant to the Alternative Dispute Resolution provisions of the Louisiana Mediation Act, La.R.S. 9:4111(A) provides:

> If, as a result of a mediation, the parties agree to settle and execute a written agreement disposing of the dispute, the agreement is enforceable as any other transaction or compromise and is governed by the provisions of Title XVII of Book III of the Civil Code, to the extent not in conflict with the provisions of this Chapter.

1

Louisiana Civil Code Article 3071 provides: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."

In his brief, Mr. Norwood alleges:

While engaging in a mediation settlement, I was quoted a $145,000 (ONE HUNDRED AND FORTY[-] FIVE THOUSAND DOLLARS) amount for settlement; however, I later learned that the amount quoted and the amount that I would actually receive had changed to an amount of $45,000 (FORTY[-]FIVE THOUSAND) for which I did not agree to; thus, there was no meeting of the mind[s] in order to conclude a settlement agreement.

Mr. Norwood further asserts that "the entire mediation process was tainted and tilted unfairly in Mr. Garber's favor" due to a past professional partnership between the mediator/attorney, Bernard McLaughlin, and Mr. Garber's counsel of record, Emmett Sole.

Mr. Garber counters by arguing that there was no evidence introduced at the hearing of this matter which substantiates Mr. Norwood's "allegation that his signature on the mediation settlement agreement was obtained by fraudulent means." Thus, Mr. Garber contends there are no grounds upon which this court can reverse the trial court's judgment.

At the hearing on Mr. Garber's Motion to Enforce Mediation Settlement, the trial court inquired, "[Y]ou've already admitted that you agreed to mediate. After this was all over, after visiting with the mediator and what have you, you signed a document memorializing your agreement to settle the case. Why did you change your mind?" Mr. Norwood replied, "Because the money is not right on the document. They changed the money."

In *LeBlanc v. State Farm Insurance Co.*, 03-1522 (La.App. 3 Cir. 5/26/04), 878

So.2d 715, this court affirmed the trial court's granting of the defendant's motion to compel the enforcement of a settlement. In *LeBlanc*, this court held that without any evidence to support plaintiff's allegation that she signed the agreement under duress, "[b]y the clear language of [La.Civ.Code art. 3071], [the] Mediation Settlement Agreement signed by the parties . . . constitute[d] a legal and binding compromise." *Id.* at 720.

In the instant matter, there was no evidence presented by Mr. Norwood to support his contention that he was tricked into signing the settlement agreement at issue herein. For the reasons stated above, we find no legal basis for reversing the trial court's judgment in this matter.

### DECREE

For the foregoing reasons, we affirm the judgment of the trial court. All costs of these proceedings are assessed against Plaintiff/Appellant, George Norwood.

**AFFIRMED.**