SMITH v. MARINE OIL CO., LTD.

---

(April 15, 1929. Opinion and Decree.)
(April 29, 1929. Rehearing Refused.)

---

Weiss, Yarrut and Stitch and W. M. Barnett, of New Orleans, attorneys for plaintiff, appellant.

Spearing and Mabry, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This is a suit in compensation.

Plaintiff alleges that he received injuries arising out of, and incidental to, his employment "as· a laborer in defendant's service station."

He also alleges that "the work for which he was employed, and in which he was engaged at the time of such injuries was dangerous and hazardous."

Defendant excepted to the petition, contending that it shows no cause of action, because it contains no allegation of fact showing the nature of the work, and that the allegation that the work was dangerous and hazardous is merely a conclusion of the pleader.

The trial court maintained the exception and dismissed the suit and from this judgment plaintiff prosecutes this appeal.

The sole question for determination is whether or not the allegation that petitioner was employed as a laborer in a service station sets forth facts sufficient to warrant our holding that he was engaged in a hazardous occupation, such as is under the protection of the Compensation Laws of this State.

There can be no doubt that the only occupations protected by the Compensation Laws of this State are those which are specifically designated in the Act, or which, by agreement made in advance, or by judgment of court obtained in advance, are determined to be hazardous.

See Dejean vs. Ujffy, 14 Orleans App. 230 and Anderson vs. Tharp, C. of App. Par. of Orleans, 121 So.

Therefore, since the occupation in which plaintiff was engaged was not the subject of special agreement, or judgment, prior to the accident, he can recover only if the occupation is one of those denominated as hazardous under the Statute.

On this point we find that this Court in Conaway & Clark vs. Marine Oil Co., Ltd., 5 La. App. 134, a case involving the same defendant and the• same kind of employment, held that because of the fact that the employees of service stations are required to work in the proximity of gasoline, and because gasoline is a dangerous explosive, such employment is within the terms of Sec. 1, paragraph 2(a) of the Statute, Act 20 of 1914, the pertinent part of which reads as follows:

"Any occupation entailing the manufacture, transportation, care of, use of, or regular proximity to dangerous quantities of gunpowder, dynamite, nitro-glycerine and other like dangerous explosives."

Exceptor, strenuously urging us to review our decision in the Conaway & Clark case, contends that that decision was wrong, in that it did not take into consideration the word "like," which appears in the above quoted portion of the Statute. Exceptor contends, in other words,—that employment in the proximity of gasoline is not employment in proximity to a dangerous explosive like those others set forth, to-wit: gunpowder, dynamite, nitro-glycerine. We are urged to hold that gasoline is not like those other explosives, which are dangerous in themselves, in that they are manufactured for the purpose of being exploded, whereas, gasoline is not.

It seems to us that exceptor is wrong in this contention; gasoline is manufactured for the purpose of being exploded after being vaporized, and, in fact, would be absolutely useless to automobiles if it were not exploded within the cylinders, or explosion chambers of the automobile engine.

As a matter of fact, gunpowder, dynamite and nitro-glycerine are not dangerous, if properly used, by persons familiar with their use, but gasoline is just as dangerous as any of the other explosives mentioned, if carelessly used. Gunpowder will explode if a match is thrown into it; so will gasoline, although it is not intended that either will be used in this way. Gunpowder is intended to be exploded by a cap in the firing chamber of a cartridge; gasoline is intended to be exploded by a spark in the

firing chamber, or explosion chamber of an engine.

We fail to see that any distinction can be made on this point, and are, therefore, of the opinion, as was expressed in the Conaway & Clark case, that persons employed in the proximity of gasoline are under the protection of the Act.

As to the alleged deficiency in pleading, it seems to us it would have been better pleading to have alleged, in addition to the fact that plaintiff was employed at a service station, the further fact that his employment required him to come constantly into the proximity of gasoline, and that gasoline is a dangerous explosive. But these are facts which are within the common knowledge of everyone. We all know that employment at a service station requires an employee to come into contact with gasoline, and we also know that gasoline is a dangerous explosive, therefore, the failure to make these allegations amounted to nothing more than the failure to make allegations as to facts which were already our general knowledge. Then too, it should be borne in mind that this suit is brought under the Compensation Laws, and that under those laws, technical objections and defenses should be brushed aside where they do not involve matters of substance.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and that the matter be remanded to the District Court for further proceedings not inconsistent with this opinion and decree.