### ATKINS v. HOLSUM CAFETERIA, Inc., et al.

### No. 15012.

Court of Appeal of Louisiana.    Orleans.
April 15, 1935.

For former opinion, see 159 So. 758.

Leslie P. Beard, of New Orleans, for appellants.

S. Roccaforte and H. W. & H. M. Robinson, all of New Orleans, for appellee.

### PER CURIAM.

Council for plaintiff, in application for rehearing, vigorously assert that our interpretation of paragraph 3 of section 1 of Act No. 20 of 1914 is unsound, and that it was the purpose of the framers of that paragraph to permit a claim for compensation whenever the occupation of the employer is hazardous, regardless of whether the occupation is included within the various ones classified as hazardous under subparagraph (a) of paragraph 2 of section 1 and irrespective of whether the employer and employee have previously agreed that the employment shall be governed by the compensation act and regardless of whether a judgment of court has

previously declared the occupation to be hazardous. Paragraph 3 of section 1 reads as follows: "If there be or arise any hazardous trade, business or occupation or work other than these hereinabove enumerated, it shall come under the provisions of this act. The question of whether or not a trade, business or occupation not named herein is hazardous may be determined by agreement between the employer and employee or by submission at the instance of either employer or employee to the Judge of the Court which shall have jurisdiction over the employer in a civil case. The decision of the Court shall not be retroactive in its effect."

It is the contention of plaintiff that the court in which the suit for compensation is filed may declare, even in the absence of an agreement between the employer and the employee, that the particular occupation involved is hazardous, although not specifically so classified in the act, and that in that suit compensation may be awarded.

But to so hold would be to write out of the statute the concluding sentence of the above-quoted paragraph, which provides that "the decision of the Court shall not be retroactive in its effect."

This question was first presented to this court in 1917, in the matter of Dejan v. Ujffy, 14 Orl. App. 230, in which the court, referring to the paragraph under consideration, said: "If the meaning of this paragraph be that the question whether the occupation is hazardous, shall at all times be a matter for Judicial Ascertainment, whether before or after a claim arises between the parties, then the concluding provision, that the decision on that head shall not be retroactive, is totally inoperative, and, of course, by every rule of interpretation we are obliged to give effect to this clause which is perfectly clear and unambiguous."

A few years later, in 1921, the same question was again presented to this court in Alexander v. Tharp-Bultman-Southeimer Co., No. 7373 of our docket (unreported) decided January 10th of that year. See Southern and Louisiana Digest. There the court approved and adopted certain language of the district judge. This court said:

"The plaintiff did not allege that, under section 3, he had agreed with the defendants, or that either he or his employer had submitted, at any time, to any competent judge, the question of whether or not his occupation was hazardous. The learned judge of the District Court was of opinion that this agreement and this submission must take place prior to the accident. He said:

"'That the agreement must be effected prior to the accident or injury for which compensation is sought is plainly required by section 3. And that the submission to the court must also precede the accident results clearly from the provision that the decision of the Court shall not be retroactive. This means that the Court's judgment as to whether or not the contract comes within the provisions of the act affects the relations of the parties in the future, and does not determine what their relations were in the past.'"

In 1929, in Smith v. Marine Oil Co., 10 La. App. 674, 121 So. 782, 783, we again considered the contention now made by plaintiff. There we said: "There can be no doubt that the only occupations protected by the compensation laws of this state are those which are specifically designated in the act, or which, by agreement made in advance, or by judgment of court *obtained in advance*, are determined to be hazardous." (Italics ours.)

In 1933, in Adams v. Hicks Co., Ltd., (La. App.) 149 So. 242, 243, our brothers of the second circuit gave consideration to the question of whether the court in which the compensation suit is filed may classify the occupation as hazardous and said: "It seems to be well settled, however, under the jurisprudence, that the Compensation Law only applies: (1) To those businesses specially named in the act; (2) those that have elected to come under the terms of the act; and (3) those determined *in advance* by the courts to be of a hazardous nature." (Italics ours.)

See, also, Richardson v. Crescent forwarding & Transp. Co., 17 La. App. 428, 135 So. 688, and Foret v. Paul Zibilich Company, Inc., 18 La. App. 363, 137 So. 363, 366.

The question was given most serious consideration on each of the various occasions to which we have referred, and we see no reason to adopt, at this time, a view different from that which has become so well established and which appears to be so sound.

The rehearing requested is refused.

Rehearing refused.