Charles Claiborne, while working as a cook in the kitchen department of a cafe owned and operated by defendant, Cunningham, sustained second-degree burns on his right foot and ankle when a pot of hot grease was knocked from a stove. He was disabled for a few weeks and seeks to recover the compensation to which he claims he is entitled under the laws of Louisiana, to-wit: Act No. 20 of 1914, as amended.
He brought suit originally against two defendants, Cunningham and Walter Smith, alleging them to be the owners and operators of the establishment known as "Dave's Cafe", but, when the matter was called for trial, it was stipulated "that the judgment, if any be rendered against any of the defendants, will be against Dave Cunningham".
Cunningham answered, admitting the employment of Claiborne as a cook and averring that "the duties of his occupation was that of preparing meals and doing other duties in and around the kitchen". Defendant also alleged that "this kitchen is equipped merely with a gas stove, or range, an ice box and other conveniences used in the modern home and is not equipped with any hazardous machinery of any kind or character". In other words, Cunningham resists the claim in compensation on the ground that the business in which he is engaged and in which Claiborne is employed is not one of those specifically set forth in the compensation laws as hazardous; has not been declared to be hazardous by a judgment of court rendered prior to the occurrence of this accident and that the parties have not, by agreement, stipulated that the employment of Claiborne shall be within the contemplation of the statute.
From a judgment dismissing plaintiff's suit, he has appealed.
The record shows that Claiborne was employed as a cook in the establishment and that he did sustain injury substantially as alleged and that in the kitchen department there was an electric refrigerator operated by a small electric motor, which was not contained in the refrigerator box itself, but was located alongside, or under, the refrigerator (the record is not clear on this), and which operated the compressor of the refrigerator by means of a small belt some eighteen inches or two feet in length; that the motor, whether under the box or outside, was completely protected, so that the employees on the kitchen side could not come into contact with it and that the only times at which Claiborne had anything to do with this refrigerator was when, by means of the doors, he took out or put into it food or supplies. He had nothing whatever to do with the electric motor, even assuming that that motor could be considered as "machinery" within the contemplation of the compensation statute. *Page 715 
The record also shows that there is in the establishment, though not in the kitchen department, an electric slicing machine. In spite of Claiborne's testimony concerning this machine, we are convinced that he was not brought into contact with it and that it was not located within the kitchen department.
We find, then, that such machinery as was employed in the establishment was similar to that which was employed by the defendant in the matter of Atkins v. Holsum Cafeteria, Inc., et al., La.App., 159 So. 758; Id., La.App., 160 So. 655. In that case (159 So. 760) we said: "* * * We doubt very much whether kitchen ranges, dishwashing machines, and the other devices employed in the kitchen of a restaurant may be classed with `boilers, furnaces and engines' within the meaning of the section of the act relied on, but assuming that they may be so classified, the most favorable view that can be taken of the matter from the plaintiff's standpoint, and assuming, therefore, that the exception of no cause of action was properly overruled, and considering the merits of the case, we are of the opinion that plaintiff cannot recover for the reasons given in Foret v. Paul Zibilich Co., Inc., 18 La.App. 363, 368, 137 So. 366, where we held that the particular machinery used in the defendant's business was insufficient to stamp the employer's occupation as hazardous."
But, on behalf of plaintiff, it is asserted that even if, ordinarily, such devices do not constitute "machinery", nevertheless, in this instance, these devices were hazardous for the reason that the electric wiring was defective, with the result that the persons who operated the machines were sometimes shocked by electric current. And plaintiff also asserts that the establishment as a whole was hazardous because it was so congested that often the employees bumped into one another with just the result which occurred in the instant case.
Even if it be true that there was hazard connected with the employment by reason of defective wiring, or by reason of congestion, it would not be possible for us in this case to hold that these hazards brought the employment of the plaintiff within the contemplation of the statute, for, as we have shown in the Atkins case, supra, only those employments set forth are within the protection of the act, unless any employment not specifically set forth is declared to be hazardous in a judgment rendered prior to the occurrence of the accident which forms the basis of the suit under consideration.
This whole subject was discussed by us fully in a per curiam opinion rendered in the same case — Atkins v. Holsum Cafeteria, Inc., reported in 160 So. at page 655 — and in which we cited many cases showing that it is well established that the compensation laws can be applied only:
(1) To those businesses specially named in the act.
(2) To those persons who, by agreement, have elected to come under the terms of the act, and,
(3) To those businesses determined in advance by the courts to be of a hazardous nature.
The particular employment of Claiborne is not specially named in the act, it has not been shown that, by agreement, he was brought within the coverage of the act, and it is not shown that his occupation was, in advance, judicially determined to be hazardous.
The judgment appealed from is affirmed.
Affirmed.