Plaintiff brings this suit under the Workmen's Compensation Act (No. 20 of 1914, as amended) for and on behalf of his minor son, Wilmington N. Stephens, to recover compensation for injuries received by his son in an accident that befell him while in defendant's employ.
Plaintiff alleges that defendant maintains and operates a meat market; that Wilmington N. Stephens was employed as a delivery and general utility boy; that it was part of his duties to grind meat through the use of an electrically-driven meat grinder used and maintained by defendant in his place of business, and that, consequently, the employment was hazardous. It is further alleged that, while young Stephens was engaged in grinding meat on July 28, 1941, his index, middle and ring fingers were cut off at the base of the left hand; that at the time of the injury Stephens' wages were $5 per week, and that, therefore, compensation is due in the sum of $3.25 per week for a period of seventy (70) weeks, with interest on each installment from its due date until paid.
Under the rules of the First City Court, defendant filed, concurrently with his answer on the merits, an exception of no right or cause of action, which was overruled by the court below. In his answer defendant admitted the employment of Stephens as an errand boy and porter, averring that his duties consisted of delivering goods purchased by customers and "of cleaning and sweeping up his shop". Defendant also alleged that young Stephens was not employed to perform any hazardous duties and that he had been specifically instructed not to touch or operate any of the machinery, knives, cleavers and other such instruments used in the operation of the meat market. Defendant admitted the nature of the injury received in this instance, but averred that the operation of the meat grinder, from which the accident arose, was undertaken without his knowledge or consent and was beyond the scope and course of Stephens' employment.
From a judgment awarding compensation in the amount of $3.25 per week for a period of seventy (70) weeks, with interest as provided by the statute, defendant prosecutes this appeal.
In support of the exception of no right or cause of action, defendant contends that the business in which he is engaged and in which Stephens was employed is not one of those specifically set forth in the compensation laws as hazardous; has not been declared to be hazardous by any judgment of court obtained in advance, and that the parties had not, by agreement, stipulated that Stephens' employment should fall within the contemplation of the statute.
There can be no doubt that the only occupations protected or made applicable by the compensation laws of this state are:
(1) Those businesses specially designated in the act.
(2) Those persons who, by agreement, have elected to come under the terms of the act; and,
(3) Those businesses determined by the courts, prior to the occurrence of the accident, to be of a hazardous nature.
In a per curiam opinion rendered in the case of Atkins v. Holsum Cafeteria, Inc., La.App., 160 So. 655 — and in which many cases were reviewed — this entire subject was fully discussed by this court. Also, see Smith v. Marine Oil Company, Ltd., 10 La.App. 674, 121 So. 782; Stockstill v. Sears-Roebuck Company, La.App., 151 So. 822; Atkins v. Holsum Cafeteria, Inc., La.App., 159 So. 758; Rester v. Community Stores, Inc., La.App., *Page 382 
169 So. 183; Claiborne v. Smith et al., La.App., 2 So.2d 714.
One of the hazardous occupations named in Section 1, paragraph (a), subsection 2 of the Workmen's Compensation Act, as amended, is "the construction, installation, operation, alteration, removal or repair of wires, cables, switchboards or apparatus charged with electrical current" and "* * * installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery".
In the Sears-Roebuck Company case, supra, [151 So. 823], it was said:
"It is the character of business of the employer, with respect to it being hazardous or not, and not the nature of the particular duty of the employee, which determines the right or lack of right of the employee to compensation when injured in the course of the employment. White v. Equitable Real Estate Co., 18 La.App. 714, 139 So. 45; Dewey v. Lutcher-Moore Lumber Co.,151 La. 672, 92 So. 273; Shipp v. Bordelon, 152 La. 795, 94 So. 399."
The business of operating a meat market is not named by the compensation act as a hazardous occupation and we know, as a matter of common knowledge, that, generally, such a business is not per se hazardous, but such a business may have incidental departments or accessory lines that could and would be classified as hazardous.
Here, plaintiff definitely alleges the hazardousness of defendant's business through the use of an electrically-driven meat grinder and other appliances, the operation and use of which was a major accessory to defendant's retail meat business, and, further, that a part of the duties of Stephens, under the employment engagement with defendant, was to operate this machinery in supplying the needs and orders of special customers and the general trade.
The case of Byas v. Hotel Bentley, Inc., 157 La. 1030,103 So. 303, is authority for two principles, viz.:
"(1) That, though operation of a hotel is not declared by the Workmen's Compensation Law to be a hazardous business, yet it became so when, in the conduct of its business, it did engage in some incidental necessary activities which are declared by the law to be hazardous; and (2) that where an employee's duties require him to render services to both the hazardous and nonhazardous lines of a business, he, or his dependents in event of his death, is entitled to compensation although when injured or killed he was performing nonhazardous duties."
The recent case of Robinson v. Atkinson, 198 La. 238,3 So.2d 604, involved a farmer who operated a motor-driven chopper in connection with his farming operations. The business of farming is not classed as hazardous by the compensation act, yet the Supreme Court held in that case that, irrespective of that fact, when the farmer employed machinery in his farming operations, from the operation of which an accident occurred causing injury to an employee, such employee was brought within the terms of our Workmen's Compensation Act. Also, see Crews v. Levitan Smart Shops, La.App., 171 So. 608.
Our appreciation of the Workmen's Compensation Law and interpretive jurisprudence is that, while the main business of an employer may not be hazardous per se, nor so declared by the statute, yet if, in connection therewith or incidental thereto, a subsidiary line of business is conducted which is declared to be hazardous by the statute, an employee of said business, injured while performing duties under the employment, is entitled to recover compensation; that injuries thus received arise out of such employment in the course of the employer's hazardous trade, business or occupation.
The case of Claiborne v. Smith et al., supra, which is relied upon by defendant, has no application to the case at bar, for in that instance, though we noted the presence and operation of a hazardous instrument used by the defendant as an accessory to his business, the complaining employee had not, as a fact, come into contact with the machine, nor was the injury complained of a result of its use or operation by the employee.
The exception of no right or cause of action was properly overruled below.
The record discloses that young Stephens was employed as an errand and general utility boy in defendant's establishment and that he did sustain the injuries alleged. It is also shown that, aside from other instruments and machinery, there was an electrically-driven meat grinder, attached to a board, which was used and operated by defendant for the purpose of grinding meat for his retail trade. We are satisfied that, aside from the other *Page 383 
duties of Stephens, it was his duty to use this machinery, grinding meat once or twice daily, depending upon customers' orders, and to thereafter disassemble the machine, which contained nine integral parts, sterilizing and reassembling it, and placing it in a refrigerator where it was kept until needed for the next day's use. These duties were assumed by Stephens on the first day of his employment and each day thereafter until the time of his injury, three weeks later. We are convinced that the care and operation of the grinder was a duty of Stephens under the employment engagement with defendant, an obligation which, it is shown, was required by defendant also from the employee whom Stephens replaced. In view of these facts, we entertain no doubt that Stephens, at the time of his injury, was clearly within the protection of the Workmen's Compensation Act, and he is, therefore, entitled to recover compensation.
It is conceded that plaintiff's minor son lost the entire index, middle and ring fingers of his left hand. Under Dart's Louisiana Statutes, Section 4398, page 339, paragraph 1 (d), subsections 2 and 3, Act No. 242 of 1928, p. 357, § 8, subd. 1 (d) 2, 3, it is provided:
"(d) In the following cases the compensation shall be as follows:
* * *
"2. For the loss of a first finger, commonly called the index finger, sixty-five per centum of wages during thirty weeks.
"3. For the loss of any other finger, or a great toe, sixty-five per centum of wages during twenty weeks."
Consequently, compensation is due for a total of seventy weeks.
The testimony clearly shows that the wages paid plaintiff's son were $3.50 per week. Plaintiff alleged that his son received $5 per week, but it is established that he received $1.50 per week for delivering fruits and vegetables for one Joseph Anzelmo, who owned and operated a retail business which was in no way connected with the business operated by defendant and in which defendant owned no interest. Recovery can be allowed plaintiff only on the basis of wages received by young Stephens under his contract of employment with defendant at the time of the injury. The lower court was, therefore, in error in allowing compensation in the amount of 65 per cent. of the total weekly wage of $5.
Under Section 4398 of Dart's Louisiana General Statutes, subsection 3 (page 342), Act No. 242 of 1928, p. 361, § 8, subd. 3, the minimum compensation to be paid an injured employee shall be three dollars per week. Since sixty-five per cent. of the wages received by plaintiff's son would be less than the $3 per week minimum compensation provided for, Stephens is entitled to recover the minimum amount.
For the reasons given, the judgment appealed from is amended by reducing the compensation awarded plaintiff from $3.25 per week to the amount of $3 per week. In all other respects the judgment is affirmed, at appellant's cost.
Amended and affirmed.