JOHN A. DIXON, Jr., Judge.
This is a workmen’s compensation suit brought by the plaintiff, formerly a maid in the Dreamland Motel in Buras, Lousiana. While she was at work she stumbled and fell when carrying an armful of dirty linen, suffering substantial injuries. After trial, there was a judgment in favor of the de *922 fendant rejecting the demands of the plaintiff, from which this appeal is taken.
A motion to dismiss the appeal was filed July 10, 1962. The appellee set out in his motion that judgment was rendered on October 17, 1960, and that the motion for appeal was filed on October 16, 1961, in violation of Article 2087 of the LSA-Code of Civil Procedure, which grants a 90-day delay for taking of devolutive appeal.
The motion to dismiss the appeal must be denied. Although Section 7 of Act 15 of I9601 provides that all the provisions of the Louisiana Code of Civil Procedure shall become effective on January 1, 1961, this appeal is governed, not by Article 2087 of the new Code of Civil Procedure, but by the prior law. Act 15 of 1960, sec. 4(B) (2) (a); Smith v. King, 131 So.2d 837 (La.App. 4 Cir., 1961).
Both plaintiff and defendant have filed comprehensive briefs in this case. Plaintiff attempts to establish that her employment as a maid was a part of the regular business of the defendant; that the defendant’s business was hazardous, and that the work performed by the plaintiff was hazardous within the contemplation of the Louisiana Workmen’s Compensation Act.
The motel business is not specifically designated as hazardous by the Compensation Act. The defendant relies on the provisions of LSA-R.S. 23:1035, which designates the following businesses as hazardous :
“The construction, installation, operation, alteration, removal or repairs of wires, cables, switchboards or apparatus charged with electrical current. * * * the installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery.” (Emphasis supplied)
The plaintiff argues that the operation by the defendant of an electric cash register, a vacuum cleaner, air-conditioners, refrigerators, window fans, an electric washing machine, and an electric clothes dryer, bring the motel business within the contemplation of the act, and makes the business a hazardous one. To support this contention the plaintiff relies on several cases, among them Stephens, for Use and Benefit of Stephens v. Catalano, La.App., 7 So.2d 380; Storm v. Johnson, La.App., 23 So.2d 639, and Scott v. Dalton Co., La.App., 1 So.2d 412.
The plaintiff recognizes a line of cases involving small electrical appliances, in which the courts have refused to extend the interpretation of the act to cover businesses not otherwise hazardous. However, from these cases, the plaintiff draws the conclusion that if she could show her regular duties required her to be in close proximity to the operation of small electrical appliances, or to operate them, the Compensation Act would cover the plaintiff.
In this effort, testimony was adduced to show that the plaintiff reported each morning to the cashier’s desk to get keys which were kept on a nail near the electric cash register; that she cleaned each room that had been rented, using a vacuum cleaner twice a week on Venetian blinds and air-conditioners as well as on rugs; that she cleaned the refrigerators in certain apartment units of the motel, and cleaned the electric motor-driven window fans; that she passed in the vicinity of power lawn mowers in making her way about the courts; that at least' every other day she washed things in a motor-driven wringer-type washing machine located across the highway in defendant’s garage, using an electric dryer in defendant’s home to dry them on rainy days; that she entered the restaurant to gather dish towels to be washed; that she assisted the defendant’s wife in washing and ironing clothes; that on occasion she traveled in her lunch hour in her own automobile to make deposits in the bank at Port Sulphur, at the request of defendant’s wife. .
In Stephens, for Use and Benefit of Stephens v. Catalano, supra, the defendant *923 maintained and operated a meat market. The Court found that, while the retail meat market was not listed in the act, the meat market contained, in connection with and incidental to the operation of the market, electrically driven meat grinding machinery that was in the care and operation of the injured employee, who was injured while grinding meat. Upon this finding, the meat market was held to be a hazardous business.
In Storm v. Johnson, supra, the plaintiff was the night manager of a restaurant. He recovered compensation after he cut his left thumb with a meat cleaver. The Court concluded that the plaintiff’s duties required his operation of meat slicing and grinding machinery, which was a necessary adjunct to the conduct of the restaurant business involved, bringing the restaurant within the classification of a hazardous business under the Workmen’s Compensation Act.
In Scott v. Dalton Company, supra, the First Circuit Court of Appeal reversed the ■district court’s ruling in sustaining an exception of no cause of action. Plaintiff’s petition alleged that the defendant operated a general merchandising business and department store, and that his duties required him to operate a dishwashing machine and electrically driven dumb-waiter, to move and carry cash registers from place to place, and to work around a steam table. The Court found that the allegations of the petition showed that the principal part of the employer’s business was of a nonhazardous nature but that, incidental to the operation of the business, the maintenance of a fleet of trucks and the maintenance of numerous electric machines and elevators brought the defendant’s business within the provisions of the Workmen’s Compensation Statute.
In Talbot v. Trinity Universal Insurance Company, La.App., 99 So.2d 811, the Court held that the plaintiff, an assistant manager and clerk in a grocery and butcher shop, required to operate an electrically powered meat slicer and meat grinder, was entitled to recover workmen’s compensation. In reaching this conclusion, the Court found that the electrical machines in the meat market, a substantial and integral part of the store, made the store a hazardous business.
In the case of Le Blanc v. National Food Stores of Louisiana, Inc., La.App., 118 So. 2d 500, the plaintiff received an electrical shock from a cash register. The plaintiff recovered, although the Court recognized that the retail grocery business is not, in itself, hazardous. The plaintiff was required, as a regular part of her duties, to remove some paper from a portion of the electrically operated cash register where wires carrying electric current were exposed. The plaintiff’s occupation was found to be hazardous because of her frequent exposure to electrical current, which actually contributed to her injury.
The Talbot case cannot apply to the facts of the instant case. There is no substantial portion of the business of the defendant that has been declared to be hazardous, or that can be defined as hazardous under the terms of the Workmen’s Compensation Act. The decision in the Le Blanc case discusses only the hazardous nature of the employee’s duties, but recognized the correctness of decisions holding that employment does not become hazardous under the Workmen’s Compensation Act simply because there are maintained on the premises small electrical appliances which the employee is required to plug in or operate in a normal manner. Wells v. Morgan & Lindsey (La.App., 1st Circuit) 42 So.2d 282; Lafleur v. Johnson (La.App., 1st Circuit) 37 So.2d 869; Coleman v. Sears, Roebuck & Co. (La.App., 2d Circuit) 83 So.2d 469; Harrington v. Franklin’s Stores Corporation (La.App., 1st Circuit) 55 So.2d 647.
In addition to cases involving small electrical apparatus, the plaintiff relies on Luce v. New Flotel Monteleone, 234 La. 1075, 102 So.2d 461 (1958), and Byas v. *924 Hotel Bentley, 157 La. 1030, 103 So. 303 (1924).
In both these hotel cases, the claimant was injured while performing non-hazardous duties. In each case, however, the existence of elevators and other machinery in the hotel brought it within the provisions of the act as a hazardous business.
The cases relied on by the plaintiff are distinguishable from the instant case, and show that it would not be possible to bring this plaintiff within the provisions of the Workmen’s Compensation Act without extending the provisions of the act, as interpreted by the courts of the state.
We find that the Dreamland Motel was not a hazardous business under the Workmen’s Compensation Act, and that the plaintiff’s employment was not hazardous.
For the foregoing reasons the judgment of the District Court rejecting the demands of the plaintiff is affirmed at appellant’s cost.