AYRES, Judge.
This is an action for workmen’s compensation. Also sought are penalties and attorney’s'fees on account of defendants’ alleged arbitrary refusal to pay compensation. The defendants are Caraway-Rhodes Veterinary Hospital, a partnership, and its partners, Drs. Hugh L. Caraway and J. C. W. Rhodes, veterinarians, against all of whom recovery is sought in solido.
Plaintiff claims that in the course of defendants’ business of operating a veterinary hospital and within the scope of his employment he sustained an accidental injury while lifting a dog.
The defense to plaintiff’s claim is that defendants’ business is not hazardous within the intent and purpose of the workmen’s compensation statute, LSA-R.S. 23:1021 et seq., and that, consequently, whatever injury and disability plaintiff sustained were not included in nor covered by the statute.
The court, after trial, found plaintiff’s occupation with the defendants was that of an assistant to the veterinarians; that the nature of the work performed was hazardous inasmuch as the employee was subjected to the possibility of being bitten, scratched, and clawed by the animals with which he worked, as well as subjected to the possibility of contracting rabies. Plaintiff was therefore awarded compensation for five weeks, the period of his disability, and medical and hospital expenses in the sum of $519.20. Plaintiff’s demands for penalties and attorney’s fees were disallowed. From that judgment, defendants appealed.
Plaintiff’s own classification of his employment was that of a helper in the animal hospital, and the nature of the services generally performed was that of cleaning the premises.
The provisions of the compensation act apply to persons performing services arising out of and incidental to their employment in the course of the employer’s trade, *448 business, or occupation in designated hazardous trades, businesses, and occupations. LSA-R.S. 23:1035. This section of the statute (paragraph 3 of Section 1 of Act 20 of 1914) concludes:
“If there be or arise any hazardous trade, business or occupation or work other than those hereinabove enumerated, it shall come under the provisions of this Chapter. The question of whether or not a trade, business, or occupation not named herein is hazardous may be determined by agreement between the employer and employee or by submission at the instance of either to the court having jurisdiction over the employer in a civil case. The decision of the court shall not be retroactive in its effect.”
The question of whether defendants’ business, which is' concededly not one of those listed in the statute, is hazardous has not been determined by agreement of the parties nor by a court having jurisdiction over the employer in a civil case. Such a determination, either by the court or by an agreement of the parties, is not retroactive in its effect. LSA-R.S. 23:1035, 23:1036. Plaintiff contends, however, that, under the language contained in the first sentence of the above quoted provision of the statute, the court’s determination of the character of defendants’ business as hazardous may be made contemporaneously with and in the same action in which he seeks to recover compensation.
It appears appropriate to note that notwithstanding defendants’ business is not one of those hazardous occupations listed in the statute, it is neither claimed nor established that such business or any features thereof are hazardous by virtue of the use of equipment or appliances of any nature or kind.
In Fontenot v. J. Weingarten, Inc., 259 La. 217, 249 So.2d 886, 888 (1971), the court, in emphasizing the aforesaid quoted provision of the workmen’s compensation statute, stated that compensation benefits could not be awarded plaintiff therein on a finding that a “supermarket” chain-store operation is hazardous in fact inasmuch as the statute specifically prohibits such retroactive application.
In Fields v. General Casualty Co. of America, 216 La. 940, 45 So.2d 85 (1950), plaintiff was employed as a laborer in a retail feed-and-seed business. His duties were to keep the store clean and to load sacks of feed in cars or trucks of customers of the store. He claimed he suffered a hernia when he picked up a sack of feed to load it on a half-ton truck. An unsuccessful operation was performed and, as a consequence, he was totally and permanently disabled to do work of a reasonable character. The Court of Appeal, First Circuit, when the case was before it, expressed the opinion that the accident was not compen-sable because his employer was not engaged in a hazardous occupation. 36 So.2d 843 (1948).
The Supreme Court granted certiorari, and in the course of its opinion observed:
“After a full consideration of the case in this court, we are of the opinion that the judgment of the Court of Appeal is correct. A retail seed and feed store is admittedly not a business designated as hazardous under paragraph 2 of Sections 1 of the Employer’s Liability Act [LSA-R.S. 23:1035] wherein various trades and occupations, considered to be dangerous, are specifically enumerated. Accordingly, there can be no liability for compensation unless plaintiff is able to show that there are certain hazardous features of the business, with which he has been brought in contact, or that the business has been previously declared to be hazardous, either by agreement or judicially, under paragraph 3 of Section 1 or that, if not hazardous, the parties have contracted in writing to be governed by the act as provided in paragraph 4 of Section 1.”
45 So.2d 87.
*449 In a footnote, Justice McCaleb, author of thé opinion, stated:
“It is well settled that it is the nature of the employer’s business and not the particular work done by the employee which is the determinative factor in suits for compensation. Paragraph 2 of Section 1 of Act No. 20 of 1914; Shipp v. Bordelon, 152 La. 795, 94 So. 399; Kern v. Southport Mill, 174 La. 432, 141 So. 19 and Hogan v. T. J. Moss Tie Co., 210 La. 362, 27 So.2d 131.” (Emphasis supplied.)
45 So.2d 87.
See, also:
Stephens v. Catalano, 7 So.2d 380 (La. App., Orl., 1942).
In the Stephens case (7 So.2d 381), the court recognized the legal principles with which we are presently concerned. In the court’s opinion, we find this pertinent observation :

“There can be no doubt that the only occupations protected or made applicable by the compensation laws of this state are:

“(1) Those 'businesses specially designated in the act.
“(2) Those persons who, by agreement, have elected to come under the terms of the act; and,
“(3) Those businesses determined by the courts, prior to the occurrence of the accident, to be of a hazardous nature.
“In a per curaim opinion rendered in the case of Atkins v. Holsum Cafeteria, Inc., La.App., 160 So. 655 — and in which many cases were reviewed — this entire subject was fully discussed by this court.” (Emphasis supplied.)
The following cases were cited as supporting the aforesaid holding: Claiborne v. Smith et al., 2 So.2d 714 (La.App., Orl., 1941); Rester v. Community Stores, Inc., 169 So. 183 (La.App., 1st Cir., 1936); Atkins v. Holsum Cafeteria, Inc., 159 So. 758 (La.App., Orl., 1935); Stockstill v. Sears-Roebuck & Company, 151 So. 822 (La. App., 2d Cir., 1934); Smith v. Marine Oil Company, 10 La.App. 674, 121 So. 782 (1929).
In Stockstill v. Sears-Roebuck & Company, supra, the court emphasized that:
“The business of a merchant is not named by the act as a hazardous occupation, and we know, as a matter of common knowledge, that such a business is not per se hazardous, but such a business may have incidental departments or accessory lines that could and would be classed as hazardous; and, after all, it is the character of biisiness of the employer, with respect to it being hazardous or not, and not the nature of the particular duty of the employee, which determines the right or lack of right of the employee to compensation when injured in the course of the employment. White v. Equitable Real Estate Co., 18 La.App. 714, 139 So. 45; Dewey v. Lutcher-Moore Lbr. Co., 151 La. 672, 92 So. 273; Shipp v. Bordelon, 152 La. 795, 94 So. 399.” (Emphasis supplied.)
151 So. 823.
The rule of law with which we are here concerned was recognized by the late Judge Westerfield of the Orleans Court of Appeal, Foret v. Paul Zibilich Co., 137 So. 366, 367 (1931), wherein he stated:
“We find an admission in the record, the effect of which would tend to prove that oyster shucking, the business in which plaintiff was engaged when injured, is in fact a hazardous occupation, and, from what we know of its character, we are convinced that it is in fact hazardous; but its hazardous character is not sufficient to bring it within the scope of the Compensation Law. It must come within the specified trades, businesses, and occupations mentioned in the act. Shipp v. Bordelon, 152 La. 795, 94 So. 399.” (Emphasis supplied.)
*450 The jurisprudence appertaining to the subject matter herein involved was reviewed in a per curiam by the Orleans Court of Appeal in refusing an application for a rehearing in Atkins v. Holsum Cafeteria, Inc., 160 So. 655 (La.App., Orl., 1935). In resolving an identical issue as the one now before this court, the court made the following observations:
‘‘Council [sic] for plaintiff, in application for rehearing, vigorously assert that our interpretation of paragraph 3 of section 1 of Act No. 20 of 1914 is unsound, and that it was the purpose of the framers of that paragraph to permit a claim for compensation whenever the occupation of the employer is hazardous, regardless of whether the occupation is included within the various ones classified as hazardous under subparagraph (a) of paragraph 2 of section 1 and irrespective of whether the employer and employee have previously agreed that the employment shall be governed by the compensation act and regardless of whether a judgment of court has previously declared the occupation to be hazardous.”
After quoting paragraph 3 of Section 1 of Act 20 of 1914, which we have quoted hereinabove, the court continued:

“It is the contention of plaintiff that the court in which the suit for compensation is filed may declare, even in the absence of an agreement between the employer and the employee, that the particular occupation involved is hazardous, although not specifically so classified in the act, and that in that suit compensation may be awarded.

“But to so hold would be to write out of the statute the concluding sentence of the above-quoted paragraph, which provides that ‘the decision of the Court shall not be retroactive in its effect.’

“This question was first presented to this court in 1917, in the matter of Dejan v. Ujffy, 14 Orl.App. 230, in which the court, referring to the paragraph under consideration, said: ‘If the meaning of this paragraph be that the question whether the occupation is hazardous, shall at all times be a matter for Judicial Ascertainment, whether before or after a claim arises between the parties, then the concluding provision, that the decision on that head shall not be retroactive, is totally inoperative, and, of course, by every rule of interpretation we are obliged to give effect to this clause which is perfectly clear and unambiguous.’
“A few years later, in 1921, the same question was again presented to this court in Alexander v. Tharp-Bultman-Southeimer Co., No. 7373 of our docket (unreported) decided January 10th of that year. . . . There the court approved and adopted certain language of the district judge. This court said:
“ ‘The plaintiff did not allege that, under séction 3, he had agreed with the defendants, or that either he or his employer had submitted, at any time, to any competent judge, the question of whether or not his occupation was hazardous. The learned judge of the District Court was of opinion that this agreement and this submission must take place prior to the accident. He said:
“ ‘ “That the agreement must be effected prior to the accident or injury for which compensation is sought is plainly required by section 3. And that the submission to the court must also precede the accident results clearly from the provision that the decision of the Court shall not be retroactive. This means that the Court’s judgment as to whether or not the contract comes within the provisions of the act affects the relations of the parties in the future, and does not determine what their relations were in the past.” ’
“In 1929, in Smith v. Marine Oil Co., 10 La.App. 674, 121 So. 782, 783, we again considered the contention now made by plaintiff. There we said: ‘There can be no doubt that the only oc *451 cupations protected by the compensation laws of this state are those which are specifically designated in the act, or which, by agreement made in advance, or by judgment of court obtained in advance, are determined to be hazardous.’ (Italics ours.)
“In 1933, in Adams v. Hicks Co., Ltd., (La.App.) 149 So. 242, 243, our brothers of the second circuit gave consideration to the question of whether the court in which the compensation suit is filed may classify the occupation as hazardous and said: ‘It seems to be well settled, however, under the jurisprudence, that the Compensation Law only applies: (1) To those businesses specially named in the act; (2) those that have elected to come under the terms of the act; and (3) those determined in advance by the courts to be of a hazardous nature (Italics ours.)
“See, also, Richardson v. Crescent Forwarding & Transp. Co., 17 La.App. 428, 135 So. 688, and Foret v. Paul Zibilich Company, Inc., 18 La.App. 363, 137 So. 366.
“The question was given most serious consideration on each of the various occasions to which we have referred, and we see no reason to adopt, at this time, a view different from that which has become so well established and which appears to be so sound.” (Emphasis supplied.)
The author of this opinion concedes that in workmen’s compensation matters and where it is alleged and proof is adduced as to the existence of certain hazardous features in the employer’s business, or with which the employee comes in contact or is required to work in close proximity, a determination by the court of these facts is necessary in resolving the question as to whether, under the statute, the employer’s business is hazardous and covered by the statute. However, in instances such as this, where defendant’s business is not listed in the statutes as hazardous and there are no features, alleged or shown, in accordance with the provisions of the statute, that would bring the employment within the terms of the statute, the conclusion as to the employer’s nonliability is inescapable. The statutory procedure for resolving the question as to whether a newly arisen unlisted occupation is hazardous and should be determined in advance, should be followed; otherwise, employers in unlisted businesses or whose businesses are without hazardous features specified in the statute would be caught unaware and would be deprived of an opportunity to protect themselves by insurance coverage. Such is the predicament of the employers in this instance — they had no compensation insurance coverage.
Moreover, if plaintiff’s position that in every instance where an employee sustains injuries and disabilities in the service of his employer be upheld, it would necessarily follow that the action of the Legislature, in listing in the compensation statute the various hazardous businesses, trades, and occupations, was a vain and useless thing, serving no purpose and constituting an act of futility. We cannot accept that view of the statute.
Our views herein are in accord with the expressed legislative intent that the workmen’s compensation statute covers and includes only those hazardous trades, businesses, and occupations enumerated in LSA-R.S. 23:1035, those previously determined by the court in an action between the employer and the employee to be hazardous, and those agreed upon by the parties prior to the occurrence of an accident. Such intent is manifest by the provisions of LSA-R.S. 23:1036. Quoting from this section:
“An employer and any employee in a trade, business, or occupation not specified in RS. 23:1035 and any one engaged in a trade, business or occupation that may not be determined to be hazardous under the provisions thereof, *452 may, prior to the accident, voluntarily contract in writing to come under the benefit and protection of the provisions of this Chapter with the same force and effect as though they had been specifically included instead of omitted.” (Emphasis supplied.)
In this connection, it may be pointed out our research discloses it has never been held, nor does the Workmen’s Compensation Act provide that a laborer, in the performance of a mere task in which he is confronted with the possibility or likelihood of injury, may on that account claim or assert, if injured, the benefits and protection of the statute. To so hold would have the effect of bringing all employments, in which a possibility of injury to a workman exists, under the compensation statute irrespective of the hazardous character of the employer’s business. Such was obviously not the intent of the Legislature in enacting the statute.
From the aforesaid, we find defendants’ business is not one listed or covered in the compensation act, that the parties, plaintiff and defendants, have not elected by agreement to come under the terms of the act, that it has not been determined in advance by the court to be of a hazardous nature. We conclude, therefore, from the aforesaid principles established by statutory enactment and in the jurisprudence of this State, that neither plaintiff’s employment nor defendants’ business was covered or included within the provisions of the Workmen’s Compensation Act.
For the reasons assigned, the judgment appealed is accordingly annulled, avoided, reversed, and set aside; and it is now decreed that plaintiff’s demands be, and they are hereby, rejected and his suit dismissed at his costs.
Reversed.
BOLIN, J., dissents with written reasons.